### SWAN *v.* BREWSTER *et al.*

(*Supreme Court, General Term, Third Department.* May 17, 1888.)

EXECUTORS AND ADMINISTRATORS—ACTION FOR GOODS SOLD DECEDENT—EVIDENCE.

In an action against administrators for the price of certain horses sold their intestate, proof of admissions by deceased that he bought the horses from plaintiff, or that they came from plaintiff, or that he got them from plaintiff; that they were formerly owned by or in possession of plaintiff, and subsequently were owned by or in possession of the deceased; and the fact that delivery was made by a man who was keeping them for plaintiff; but where there was no evidence of payment at the time,—does not show that the deceased had not paid for them.

Appeal from judgment on report of SCOTT M'D. GOODWIN, Referee.

Plaintiff, Harvey B. Swan, presented a verified claim against David L. Brewster and Christopher Nisch, administrators of the estate of Augustus Brewster. The claim contained 15 items, and, being disputed by the administrators, it was referred to Scott M'D. Goodwin, referee, to hear and determine the same. He reported against all the items except the sixth and seventh, which he allowed; and from the judgment entered on his report the defendants appealed. The items allowed were for horses sold the deceased by plaintiff.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Clifford D. Gregory*, for appellants. *O. M. Hungerford*, for respondent.

LEARNED, P. J. There is no reason to question the correctness of *Porter* v. *Smith*, 21 Wkly. Dig. 210, affirmed in the court of appeals, (14 N. E. Rep.

446.) But it is not quite applicable to this case. After the plaintiff had given his evidence to support his claim, the defendant asked the referee to rule and decide that the sixth and seventh items (which are the only items sustained) had not been sustained or established by proof. The referee refused, and the defendant excepted. The plaintiff then rested, and the defendant moved for a nonsuit. On that motion they specified, as the second ground, that the admission of deceased that he bought the horses from plaintiff, or that they came from plaintiff, or that he got the horses from plaintiff, was not an admission of existing indebtedness; and, as the third ground, that the fact that the horses are shown to have been owned by or in possession of plaintiff, and subsequently owned by and in possession of deceased, is no legal proof of his existing indebtedness from the estate of the latter. The referee denied the motion, and the defendants excepted. The evidence previously given to support the sixth and seventh items was of the character described in these second and third grounds of defendants' motion. We think it is fairly to be understood that the referee decided, as a matter of law, that such admissions, and such facts of possession, were legal proofs of an existing indebtedness. If that decision was correct, then his findings must be sustained. If that was incorrect, then a question of law arises which we may examine. An admission that one bought property from another is not an admission that it was bought on credit. Such an admission is equally, if not more, consistent with the fact of payment at the time. It is true that, when the existence of an indebtedness has once been shown, then payment is an affirmative defense. But that principle is not to the point here. The question is whether proof that one bought an article from another, or had it from another, is any proof that the buyer owes for it, or ever owed for it. He might buy for credit, or he might buy for cash. And to buy is as no more proof that the purchase was on credit than that it was for cash. It would be a dangerous principle, especially against the estate of a deceased, that an admission that one had bought a thing was any proof that he owed for it, and did not pay when he bought. The same, in substance, may be said of the fact that the horses had at one time belonged to, and been in the possession of, the plaintiff, and were afterwards in the possession of the deceased. This fact is as consistent with a purchase for cash as with a purchase for credit. The plaintiff relies on the evidence that, when the bay team was delivered to deceased, it is not shown that any payment was made. But that delivery was made, not by plaintiff, but by a man who was keeping the horses for plaintiff. That delivery was no part of the contract of sale. The man who delivered them is not shown to have had any authority to make a sale, or to take payment, or give credit. We are of the opinion that the judgment should be reversed, new trial granted, referee discharged, costs to abide the final decision of the court in respect thereto.

LANDON and INGALLS, JJ., concur.